UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID FRANK PETRANO, et al.,

      Plaintiffs,

v.                                                                    CASE NO. 3:26-cv-245-WWB-SJH

JUDGE TATUM DAVIS, et al.,

      Defendants.

_____/

## **ORDER**

David Frank Petrano and Mary Katherine Day Petrano ("Plaintiffs") are parties to a bankruptcy case in the in the Middle District of Florida, Case No. 3:25-bk-4051-BAJ ("Bankruptcy Case"). On February 6, 2026, Plaintiffs filed in this Court: (i) a document tiled "Immediate Emergency Stay of Unauthorized State Court Eviction of Primary Reorganization Asset/Enforcement of Exclusive Bankruptcy Jurisdiction Over Property of the Estate — All Writs Act — 25 U.S.C. § 1651(a) / or Motion to Withdraw Reference to Enter Relief and Return to Bankruptcy Court" ("Filing"), Doc. 1; and (ii) an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application"), Doc. 2. For the reasons that follow (i) the Application will be taken under advisement; (ii) Plaintiffs will be directed to pay the requisite filing fee or file an amended application to proceed *in forma pauperis* ("IFP"); (iii) the Filing will be denied without prejudice; and (iv) Plaintiffs will be directed to file a proper pleading.

Under the IFP statute—28 U.S.C. § 1915—a court may authorize the commencement, prosecution, or defense of a case without prepayment of fees by a litigant who submits an affidavit showing he or she is unable to pay them. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004). Here, the Application provides insufficient information as to whether Plaintiffs financially qualify. The Application is difficult to decipher and does not answer many questions but instead directs reference to voluminous filings and schedules in the Bankruptcy Case. *See generally* Doc. 2. As instructed on the form, Plaintiffs should not leave any questions blank. If the answer to a question is "0," "none," or "not applicable (N/A)," Plaintiffs should write that response. Plaintiffs should also ensure that any application is clear and legible, that all figures are internally consistent, and that all totals match the corresponding itemizations. And Plaintiffs must clearly and expressly answer each question and not simply direct the Court to scour other records and pull potentially pertinent information. Accordingly, the Court will direct Plaintiffs to either pay the requisite filing fee or file an amended and completed AO239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

Even assuming Plaintiffs meet the financial criteria to proceed IFP, however, the Court is also obligated to review the case pursuant to § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

The Filing is unintelligible. Doc. 1. The Filing's intended purpose is unclear, as are the nature of any requested relief and the ground(s) for any relief. *See id.* Liberally construed, the Filing appears to be in the nature of a motion for immediate and preliminary injunctive relief or a temporary restraining order. *See id.* at 2.

Any such motion is due to be denied without prejudice. Any motion must comply with the Federal Rules of Civil Procedure ("Rule(s)") and this Court's Local Rules. The Filing does not comply with Local Rules 1.09, 3.01, 6.01, and/or 6.02, and it does not comply with Rule 7(b) and/or Rule 65.[2] Future filings in this case must also comply with Local Rule 1.08 and the Standing Order of the presiding District Judge, Doc. 6.

---

[1] In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Fed. R. Civ. P. 8(a) demands "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

[2] This Order is not meant to address all potential deficiencies in the Filing and/or this action.

In addition, it does not appear that this action has been properly commenced, which precludes consideration of any motion to proceed IFP and/or for injunctive relief or a temporary restraining order. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A complaint is a pleading. Fed. R. Civ. P. 7(a)(1). Thus, a proper pleading is generally a prerequisite to the relief Plaintiffs appear to seek,[3] but no such pleading has been filed.[4] *See, e.g., Johnson v. HSA Holly Robertson*, No. 3:23-cv-1379, 2024 WL 38290, at *2 (M.D. Tenn. Jan. 3, 2024); *Hencey v. United Airlines, Inc.*, No. 21-cv-61702, 2021 WL 3634630, at *1–2 (S.D. Fla. Aug. 17, 2021); *Lowenthal v. Massachusetts*, No. 14-cv-13631-GAO, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014).

A pleading must comply with the Rules, including Rules 8 and 10. Under Rule 8, it must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing the plaintiff is entitled to relief; and (iii) a demand for the relief sought. Fed. R. Civ. P. 8. Under Rule 10, it must be stated in numbered paragraphs, each limited as far as practicable to a single

---

[3] As discussed, it is unclear what relief Plaintiffs seek and on what grounds. If Plaintiffs maintain that no pleading is required, they must clearly and satisfactorily articulate and address why, as well as why any relief they seek is warranted.

[4] To the extent the Filing was intended or could be construed as both a pleading and a motion, as set forth herein the Filing does not contain the requirements for a proper pleading. Moreover, it is not proper to combine a motion within a pleading; any such filings must be separate. *See Keszthely v. United States*, No. 8:17-cv-657-T-33AAS, 2017 WL 11683794, at *2 (M.D. Fla. Dec. 19, 2017) ("[P]leadings and motions are different and should not be combined."); *see also Fed. Trade Comm'n v. Romero*, No. 5:24-cv-473-JSM-PRL, 2025 WL 773619, at *1 (M.D. Fla. Mar. 11, 2025).

set of circumstances. Fed. R. Civ. P. 10. Where necessary for clarity, discrete claims should be separated into different counts. Although their pleading need not set forth detailed factual allegations, Plaintiffs must provide more than mere labels and conclusions, and their factual allegations must be enough to state a plausible claim for relief. In addition, any pleading must be complete and must include all claims they wish to pursue, as well as all facts in support and relief sought, in a single submission. Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015);[5] *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010).

If Plaintiffs fail to comply with the instructions herein, the undersigned will likely recommend that the District Judge deny the Application and dismiss this case without prejudice. [6]

---

[5] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

[6] In addition to the other issues identified herein, it appears that Plaintiffs may simultaneously be seeking relief in the Bankruptcy Court and, regardless, that the Bankruptcy Court is best equipped to address the matters at issue. Though any further analysis should await a discernable pleading, the appropriate result may be dismissal without prejudice or referral to the Bankruptcy Court. *See, e.g.*, *Pow v. Causeway Truck Parking*, No. 8:24-cv-728-SDM-NHA, 2024 WL 5326458, at *1 (M.D. Fla. Dec. 5, 2024); *Browder v. Albertelli*, No. 8:17-cv-470-T-17AAS, 2017 WL 11017584, at *1 (M.D. Fla. May 3, 2017). Finally, to the extent any appeal may otherwise be taken, an independent action is not an end-round to a proper and timely appeal of any prior bankruptcy proceedings, nor does it appear that any non-appellate invocation of the All Writs Act (which Act is referenced in the title but not the body

Accordingly, it is **ordered**:

1.      The Application (Doc. 2) is **taken under advisement**. On or before **March 23, 2026**, Plaintiffs shall either pay the requisite filing fee or, if appropriate, file a completed AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

2.      The Filing (Doc. 1) is **denied without prejudice**.

3.      On or before **March 23, 2026**, Plaintiffs shall file a proper pleading in compliance with this Order and all applicable rules and law.

4.      Failure to comply with the directives in this Order may result in a recommendation that the Application be denied and that this action be dismissed without prejudice.

        **DONE AND ORDERED** in Jacksonville, Florida, on March 2, 2026.

        Samuel J. Horovitz
        United States Magistrate Judge

Copies to:

*Pro Se* Parties

---

of the Filing) is available under the circumstances. *See Rogers v. United States Bankr. Ct.*, No. 16-12259, 2016 WL 3549484, at *2–3 (E.D. Mich. June 30, 2016); *see also Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1267–68 (11th Cir. 2021); 28 U.S.C. § 158(c)(2).